Defendant-appellant Ronald Young appeals from his bench trial conviction for the felonious assault of his ex-girlfriend. He raises four assignments of error. Finding no reversible error, we affirm the judgment of the trial court.
The prosecution presented testimony from eight witnesses to support the charges.[1] The victim, Jualicea Barnes, testified in detail about how defendant physically beat her and prevented her from calling the police until he fell asleep. Her parents, Jacqueline and Charles Byrd, testified that she arrived, badly beaten, at their home early in the morning. They called the police from the Byrd residence and went back to the victim's apartment. Cleveland police officers Pryzbylski, Perkins, and Smith, testified concerning their response to this call. Anita Laster-Mays testified concerning defendant's prior conviction for domestic violence. Finally, the victim's orthodontist, Dr. David Starr, testified concerning his treatment of the victim before and after her injuries from the incident.
Defendant thereafter testified on his own behalf. He stated he pushed the victim after she scratched him. He proceeded to damage some items in the apartment because he was jealous of her other boyfriend. The victim tried to stop him and his arm struck her face. Defendant denied striking the victim in any other way. He maintained that more property was damaged when he returned after his arrest. He also stated that he found a tooth on the floor in the kitchen. The victim had previously told him the tooth was removable. He denied knocking out her tooth.
The trial court returned a verdict finding defendant guilty of the charge of felonious assault. The trial court acquitted defendant on the domestic violence charge. Defendant, through new appellate counsel, timely appeals raising four assignments of error.
Defendant's first assignment complains about alleged discovery violations as follows:
 THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL DUE TO THE PROSECUTING ATTORNEY'S VIOLATION OF THE DISCOVERY RULES.
This assignment lacks merit.
Defendant complains that the prosecution did not inform him sufficiently in advance of trial that it was going to call the victim's orthodontist as a witness. He also complains that the prosecution did not properly disclose medical records, photographs, and letters written by defendant to the victim after the incident. We find that defendant has failed to show reversible error.
The record shows that defendant was informed three days before trial that the state intended to call Dr. Starr as a witness. Defendant had already subpoenaed Dr. Starr by this time to testify for the defense. His testimony concerned the extent of the victim's injury and whether the false tooth defendant allegedly punched out of her mouth was bonded to her braces or was, instead, readily removable. The victim's medical records were received by defense counsel nine days before trial, and the photographs were provided seven days before trial. Defendant has not shown any wilful failure to provide this discovery, that he was denied sufficient advance knowledge of these matters, or that any prejudice resulted concerning the scope or timing of these disclosures.
Defendant's remaining argument concerns three letters he wrote and sent to the victim after the incident. The prosecutor informed the court that she learned of these letters for the first time shortly before trial and informed defendant, five days before trial, that she might introduce one of them. The prosecutor herself had not seen any of the letters any earlier and provided defense counsel with a copy of the relevant letter before trial.
Defendant contends that this letter contained exculpatory information that the prosecution should have disclosed earlier. Specifically, the letter contained the following claim by defendant: I am not a woman beater. Defendant obviously knew what he wrote in the letters. Even if defendant's claim were characterized as exculpatory information as he argues, he had not shown any prejudice from the disclosure as it occurred in the case at bar.
Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error complains that the victim violated a witness sequestration order by speaking to her orthodontist, as follows:
 THE APPELLANT WAS DENIED HIS CONSTITUTION [SIC] RIGHT TO A FAIR TRIAL WHEN THE VICTIM VIOLATED THE SEPARATION OF WITNESS ORDER BY SPEAKING WITH STATE'S WITNESS DR. STARR SUBSEQUENT TO HER TESTIMONY, BUT PRIOR TO HIS.
This assignment lacks merit.
Defendant argues that the trial court improperly denied his motion for mistrial on the grounds that the victim spoke to her orthodontist. After reviewing the record, we find no abuse of discretion.
Dr. Starr testified at trial that he agreed to testify concerning the treatments provided to the victim provided that he spoke with his patient, the victim, prior to his testimony. The victim made an appointment, and met with him after she testified. The trial court found that this meeting did not violate its witness sequestration order because his order was not intended to prohibit practitioner-patient meetings.
Dr. Starr testified concerning treatment he provided to the victim approximately six months before the mid-trial appointment. He stated that the victim did not request that he change his testimony in any way. There is no evidence that the victim discussed her testimony with Dr. Starr before he testified. Under the circumstances, defendant has not shown that the trial court abused its discretion by permitting Dr. Starr to testify and denying defendant's motion for mistrial.
Accordingly, defendant's second assignment of error is overruled.
Defendant's third assignment of error contends that the prosecution did not present sufficient evidence to support his felonious assault conviction, as follows:
 THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL AS THERE WAS INSUFFICIENT EVIDENCE ON THE ESSENTIAL ELEMENTS OF THE CRIMES CHARGED.
This assignment lacks merit.
Defendant argues the prosecution failed to present evidence that he inflicted serious physical harm on the victim, necessary to establish felonious assault. After reviewing the evidence in the light most favorable to the prosecution, as we are required to do, we conclude that the prosecution presented sufficient evidence of serious physical harm to support defendant's conviction of felonious assault beyond a reasonable doubt.
R.C. 2903.11(A)(1) prohibits felonious assault and defines the offense as follows:
(A) No person shall knowingly:
(1) Cause serious physical harm to another * * *.
R.C. 2901.01(A)(5), in turn, defines serious physical harm to persons to include, inter alia, the following:
 (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.
The evidence in the case at bar reveals that defendant punched the victim between ten to twenty times, choked her, and threw her against a refrigerator. The beating dislodged a false tooth which she swallowed. One eye was swollen shut, her lips were swollen, and she suffered bruises. Her blood was spattered on a wall.
The victim was taken to the hospital emergency room for treatment, in addition to treatment by her orthodontist. She testified that she missed three days of work recuperating. Under the circumstances, when viewed in the light most favorable to the prosecution, we conclude that this evidence was sufficient to satisfy the requisite degree of serious physical harm.
Accordingly, defendant's third assignment of error is overruled.
Defendant's fourth assignment of error challenges documentary evidence used to establish his prior domestic abuse conviction.[2]
The prosecution presented testimony from a court employee as well as certified public records from his prior criminal case, but no certified journal entry of conviction. Defendant argues that only a certified journal entry is admissible.
None of the records had any bearing on the felonious assault charge for which defendant was separately tried to the bench and convicted. Defendant does not argue even now that the trial court improperly considered the conviction in connection with the felonious assault charge. Because the trial court acquitted defendant of the domestic violence charge to which the challenged evidence was directed, any claim of error is moot and we decline to address it pursuant to App.R. 12(A)(1)(c).
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, Judge, and JAMES M. PORTER, Judge, CONCUR.
 ________________________________ DIANE KARPINSKI, PRESIDING JUDGE
[1] Defendant was also charged with a separate offense of domestic violence. The trial court bifurcated the two charges, however, and acquitted defendant of this separate charge.
[2] This assignment provides as follows: THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING INTO EVIDENCE A DOCKET SHEET PURPORTING TO ESTABLISH THAT THE APPELLANT HAD BEEN PREVIOUSLY CONVICTED OF THE OFFENSE OF DOMESTIC VIOLENCE.